**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMRAN KAUR, | No. 10-70885 |
| Petitioner, | Agency No. A075-020-356 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:      O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Simran Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") order denying her motion to reopen deportation proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Kaur's motion as untimely, where she filed the motion more than nine years after her order of deportation became administratively final, *see* 8 C.F.R. § 1003.23(b)(1) (a motion to reopen deportation or exclusion proceedings must be filed no later than 90 days after a final order), and she failed to establish that she was entitled to equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error).

Contrary to Kaur's contention, the BIA did not engage in improper fact-finding by noting that Kaur had not satisfied the regulatory requirement of submitting an affidavit with her motion to reopen and therefore had not established the facts alleged in her motion. *See* 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen proceedings . . . shall be supported by affidavits and other evidentiary material.").

Finally, any legal error committed by the IJ in citing the wrong regulation was corrected by the BIA on appeal. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) ("Where the BIA conducts a de novo review, any error committed by

the IJ will be rendered harmless by the Board's application of the correct legal standard." (citation and internal quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**

10-70885